# Richmond

## MORRIS BERNARD GUTTERMAN V. COMMONWEALTH OF VIRGINIA.

November 21, 1938.

Record No. 2035.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Nathaniel T. Green,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

On the 14th day of July, 1938, the Corporation Court of the city of Norfolk issued against the plaintiff in error the following rule:

"We command you that you summon Morris Bernard Gutterman to appear before the Corporation Court of the City of Norfolk, at the Courthouse of said City, on Saturday, the 16th day of July, 1938, at ten o'clock A. M., to show cause, if any he can, why he should not be punished for contempt of Court in that he did on or about the 11th day of July, 1938, take from the Jail of the City of Norfolk, at the instance of one J. C. Abdell, therein lawfully confined and whom said Morris Bernard Gutterman was permitted to visit in his official capacity as an attorney at law, and of counsel for said J. C. Abdell in the case of *Commonwealth* v. *Abdell* pending in our said Court, sundry letters purporting to have been written by the said J. C. Abdell addressed to members of the Jury in said case of *Commonwealth* v. *J. C. Abdell* and caused said letters to be mailed, all of which was in violation of the rules and regulations for the safeguard of the prisoners confined in said Norfolk City Jail, and in the impedance of the administration of Justice, and in violation of his duty as attorney at law as an officer of our said Court, and be further dealt with according to law. And have then and there this writ."

In his answer to the rule, filed on the 16th day of July, 1938, Gutterman admitted receiving from Abdell sundry letters which he was requested to mail, and did mail. He further stated in the answer that he did not examine the letters to see to whom they were addressed, and was not acquainted with their contents; that he was not aware of any rules and regulations forbidding the mailing of letters received from Abdell; that, in fact, no such rules and regulations had ever been promulgated; "that in doing what he did he was simply complying with the innocuous request of an unfortunate fellow man, and did not mean to do anything that might in the least be construed as reflecting on this Court in any way, and did not intend to impede or obstruct the administration of justice, * * *."

Thereupon, the case was heard by the court, which adjudged Gutterman guilty of contempt of Court and imposed upon him a fine of fifty dollars. It is to that judgment this writ of error was awarded.

There is no material conflict in the evidence.

It appears that one Abdell, on the first day of July, 1938, had been tried in the corporation court, found guilty of murder in the first degree and his punishment fixed at death; that Gutterman, a recent licentiate in law, had been assisting counsel for Abdell in preparing the case for trial by looking up evidence; that, while counsel was absent from the city, he had visited Abdell in the city jail, and during the visit Abdell gave him twelve letters and requested him to mail them, which he did, without being aware of their contents. It was shown by the Commonwealth that each of the twelve jurors who tried and convicted Abdell received through the mail a letter signed by Abdell, calling in question the verdict rendered by the jury.

To sustain the allegation in the rule that Gutterman was guilty of "the violation of rules and regulations for the safeguard of the prisoners confined in said Norfolk City Jail," this purported rule was introduced in evidence:

"Prisoners will, except when the privilege is suspended in the public interest or as punishment for breach of Jail

rules, be allowed reasonable opportunity to correspond with relatives and friends, and prisoners shall have the right at all times to write freely to the Sergeant and Judge. (Federal prisoners shall be allowed to write to the United States Marshal or to the Bureau of Prisons at Washington, D. C., without censor, regarding the conditions at the Jail, and the treatment accorded them.)

"Mail for prisoners will be carefully examined by deputies. When mail is received for a prisoner who fails or refuses to authorize the Deputy to inspect same before delivery to prisoner, such mail will either be returned to the sender or held until such prisoner is released from Jail."

It was conceded that this rule was promulgated by the city sergeant and posted in the various cells of the jail, but was not posted in the room where prisoners and their counsel conferred.

■ The contention of the plaintiff in error is that the evidence shows that there were no legal rules in existence for the government of the jail of the city of Norfolk, and therefore the trial court erred in entering the judgment complained of.

The contention is well founded.

Section 2859 of the Code is the only source from which power to promulgate rules for the government of jails is to be drawn. That section is as follows: "The board of supervisors of each county, with the approval of the judge of the circuit court of the county, and the council of each city, with the approval of the judge of the corporation court of the city, may from time to time prescribe, promulgate and enforce rules, not contrary to law, for the preservation of the property and the health of the prisoners in the jails within their respective jurisdictions; and for the government of the interior of such jails. Printed copies of such rules as relate to the government of the prisoners of the jail, and to their discipline for violations of the rules prescribed, and of all provisions of law, which the said board of supervisors or the said council, with the approval of the

judge, may direct, shall be posted in at least six conspicuous places in the interior of said jail."

It is admitted in the record that the council of the city of Norfolk has never at any time, with the approval of the judge of the Corporation Court of the city of Norfolk, prescribed, promulgated or enforced any rules for the preservation of the property and health of the prisoners in the city jail or for the government of the interior of the city jail.

■ There can be no question that it was the intention of the legislature to confer upon a city council the power to prescribe rules for the regulation of a city jail, but such power can only be exercised after approval by the corporation court.

■ In 50 Corpus Juris, p. 332, section 10, this is said: "The supervision of prisons being a legislative function is regulated by statutes, the provisions of which must be observed. These functions can only. be performed by the officers, boards or other authorities to whom they have been intrusted by law. The rules and regulations for the government of prisons must be adopted by the appropriate authorities in the manner prescribed and must be within the limits prescribed by law."

A casual reading of the alleged rule promulgated by the city sergeant demonstrates that it was only intended to apply to the conduct of the prisoners confined in the city jail and has no application to the conduct of attorneys visiting their clients while confined in jail.

It therefore follows that in the absence of a legal regulation prescribing how the interior of the city jail of Norfolk should be conducted, there could be no foundation upon which to base a rule for the punishment of plaintiff in error for contempt of the corporation court.

The judgment of the lower court will be reversed and annulled, and this court will enter a judgment dismissing the rule awarded against the plaintiff in error.

*Reversed.*